CASE 101—ACTION BY MRS. NANNIE W. STAPP AGAINST T. P. MASON
& C. F. CODY TO RECOVER OF THEM MONEY LOST BY HER HUS-
BAND BELONGING TO HER, AT A GAMING PLACE SET AND RUN BY
THEM AND HER HUSBAND AS PARTNERS.—FEB. 18.

# Stapp v. Mason, &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

GAMING STATUTES—CONSTRUCTION—RECOVERY OF MONEY LOST—
RIGHTS OF CREDITORS.

Held:   1. Kentucky Statutes, section 1969, provides that whoever
shall invite, persuade, or otherwise induce another to visit a
place where any gambling, etc., is carried on, shall be respon-
sible to such other and his creditors for whatever he may lose
in gaming at such place. HELD, that such statute did not in-
clude a person who entered into a partnership for the purpose
of conducting a gambling house, and lost money in the games
played there, and hence a creditor of such person was not en-
titled to recover from the other partners the amount so lost.

THOMAS F. WARD, ATTORNEY FOR APPELLANT.

The errors committed to the appellant's prejudice were:

1. The refusal of the court to strike from the answer the
second paragraph, which charged that C. A. Stapp had an in-
terest in the gambling house where the money was lost, and had
an interest in other gambling houses, and lost money in other
gambling houses.

2. In permitting defendants to offer proof tending to prove
these allegations.

3. In refusing to give the instructions offered by plaintiff.

4. In giving the instructions that were given.

5. Particularly in instruction No. 3, as given, to-wit, that if
the jury should believe that C. A. Stapp was interested in the
gambling house, they would find for the defendant.

The court proceeded upon the idea that the case was within
the principle announced in the cases of Brown v. Thompson,
14 Bush, 538, and Elias v. Gill, 92 Ky., 569, and some others.
These cases simply lay down the doctrine that one engaged in set-
ting up or operating a gambling house can not recover back
money won from the house by those who bet against it.

Here the contention was that the husband's alleged interest, if believed by the jury, prevents the wife from recovering. And this theory was continually presented to the jury by the court, over her objections.

Our theory was that the plaintiff had not gambled herself, nor authorized her husband to gamble,—knowing nothing of his having gambled until after he had lost all her money,— and was not affected by these shortcomings of his. No pretense was made that she knew anything at all of his gambling.

The weight of his sin was put upon her. She was made to take his place. The opprobium of being a common gambler, of setting up and operating gambling houses was poured out upon her just as though she had been the real culprit. This was prejudicial to her, and furnished absolutely no protection to the defendants.

When she had shown that her husband had lost her money to the defendants, and that it had not been paid back to her, her case was made out, and she was entitled to recover on either of two grounds:

1. Because the money was hers, and her husband had parted from it to another without her knowledge or consent; or

2. By gambling off her money he became indebted to her, and she could sue to recover the money lost at gambling, under the statute, just as any other creditor might.

They did not deny, or attempt to deny, that the money was hers. In fact, the checks introduced were all signed "Nannie W. Stapp, by C. A. Stapp, agent." The money was not only hers, but they had notice of it.

They did not attempt to show that any part of it had been returned to her. Their defense was that they were no worse than C. A. Stapp, and the ruling of the court in the premises, said in effect, to the jury: "Gentlemen, if you believe that C. A. Stapp is as bad as those defendants, you must find for them against his wife."

In this, I think an error to her prejudice was committed against her, and for this the case should be reversed and remanded, and a new trial should be awarded, in which her claim against the defendants should be submitted to the jury with those objectionable features eliminated.

A. O. STANLEY, FOR APPELLEES.

### QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. A case within the letter, but not within the spirit of a remedial statute, is not embraced by it. The courts go beyond the letter to the legislative purpose and intent, and will not by a

blind adherence permit the law to become a. shelter to those it was meant to punish. Brown v. Thompson, 14 Bush, 539; Elias & Shepherd·v. Gill, 92 Ky., 573.

2. The creditor of the loser can only recover where the loser himself could have recovered, his' interest being a contingent vested interest in the gamblers' losses, of which he can not afterwards divest himself. Caldwell v. Caldwell, 2 Bush, 443.

3. Where a marriage is contracted and property acquired prior to the act of 1894, the husband's rights in the property of his wife are governed by the old law and not the new statute. Rose v. Rose, 20 Rep., 418; Mitchell v. Violett, 20 Rep., 378.

4. Where a marriage occurs and property is acquired prior to the act of 1894, the husband who reduces the personal property of the wife to possession and converts it into cash, thereby acquires complete legal right to it. Hurt v. Courteney, 4 Met., 143; Rowling & Boucher v. Winslow's Admr., 5 B. Mon., Lead. Cases, 351.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

As shown by the evidence in the case, and, in substance, found by the verdict of the jury, C. A. Stapp, the husband of appellant, Nannie W. Stapp, in connection with T. P. Mason and C. F. Cody, opened a gambling house in the city of Henderson, which they ran for some time.; getting a takeout on all the games played there. C. A. Stapp played in these games, and lost a considerable amount of money, which was the property of his wife, Nannie Stapp, and which he held as her agent. She thereupon filed this suit to recover of her husband's partners the money thus lost by him at the gaming place set up by him and his partners, on the ground that they had enticed him into playing there by setting up the gaming place. The suit seems to have been brought under section 1969, Kentucky Statutes, which is as follows: "Whoever shall invite, persuade or otherwise induce another to visit any place where any gaming mentioned or included in section one thousand nine hundred and sixty of this chapter is carried on, shall be fined from fifty

to five hundred dollars, and, moreover, be responsible ·to such other and his creditor for whatever he may lose in gaming at such place." It is charged in the petition that the husband, by betting and losing the money of his wife, became indebted to her in that amount, and that she thereby became entitled to sue for and recover it. It is earnestly maintained that, although the husband himself could not maintain the action against his partner, the wife, who was innocent of any wrong, and is his creditor, may maintain it. But back of this is the question whether the husband is one of the persons provided for by the section, for, if he is not covered by the section, then his creditors stand in no better light than he, for they are creditors of a person not provided for by the section, and only the creditors of such persons as are given a right of action by the section can maintain an action under it.     This is not an action under section 1956, providing for a recovery of the money lost from the winner, for the facts required by that section are not alleged. The question, then, simply is, is a man who, jointly with others, sets up a gaming place, and plays there himself, within the protection of the statute, as against his partners in the enterprise, on the ground that they thereby invited, persuaded, or otherwise induced him to visit the place? The question is not new. In Brown v. Thompson, 77 Ky., 538, 29 Am. Rep., 416, the question was presented whether one who was interested in setting up a faro bank, and who lost money to those who bet against the bank, could recover it. It was held he could not recover. The court said: "It is a familiar rule that a case within the letter, but not within the spirit, of a remedial statute, is not embraced by it. The courts will look beyond the letter, to the legislative purpose and intent, and will not, by a blind adherence to the letter, permit a law to become the shelter of those it was

Stapp v. Mason, &c.

intended to punish, nor to be used to encourage practices it was made to suppress." It was accordingly held that as the statute was enacted for the protection of the community against gamblers, and not for their protection, one who has set up the faro bank was not within the protection of the statute. This case was followed and approved in Elias v. Gill, 92 Ky., 569 (13 R., 798) (18 S. W., 454), where the question was whether one who engaged in the business of selling pools on horse races was within the protection of the statute. The court, after referring to the previous case, said: "And looking to the evil of gaming, suppression of which was the object of the statute, it is obvious that persons who engage in gaming by means of selling pools on horse races are no more within the protection of that statute than those who set up or keep faro banks, for in each case gaming is carried on and made a business." These cases seem to us conclusive of the question before us. It was, no doubt, contemplated by all of the partners that each of them would contribute what he could to the success of the common enterprise. The more gaming was done, the more the take-out, and C. A. Stapp was as much interested in this take-out as anybody else. In playing there he therefore was furthering his own business, which was a felony. Kentucky Statutes, section 1960. It was never intended by the Legislature to give him a right of action against his partners, or them against him, for losses in the business, or to require the court to settle up for them their felonious enterprise. And if he is not given a right of action, then his creditor can not sue, for only the creditor of a person who can sue is given the right of action.

Judgment affirmed.

Whole court sitting.

Petition for rehearing by appellant overruled.