## Shirley v. Commonwealth.

(Decided April 18, 1911.)

### Appeals from Monroe Circuit Court.

### (Three Cases.)

1. Intoxicating liquors—Prosecutions for violation of local option laws—Indictment—Evidence.—Under an indictment for selling liquor in violation of law, when the indictment charges that a sale was made to a particular person, a conviction cannot be had unless there is some evidence that the sale was made to the person named; but a sale to his agent will be treated as a sale to him.

2. Each sale a separate offense.—Each separate independent sale constitutes an offense, and there may be as many prosecutions

and convictions as there have been separate independent sales— whether these sales be to the same or different persons or made on the same or different days.

3. Sale within the year.—A conviction may be had for a sale at any time within one year next preceding the finding of the indictment. The Commonwealth is not confined to the day or time- specified in the indictment, but may in the examination of witnesses inquire of them concerning sales that will support the prosecution made at any time within the year.

4. Plea of former conviction—Practice.—When there is more than one indictment returned against the same person, charging sales at different specified times to the same person, the Commonwealth may confine the witnesses introduced in support of each indictment to the time specified in the indictment. If this is done, and the instructions of the court confine the jury to the time specified by the witnesses, a verdict will not be a bar to other prosecutions against the same defendant for selling to the same person. But if the examination of witnesses covers the year, or the instructions allow a conviction for a sale within the year, a judgment will be a bar to another prosecution against the same defendant for selling to the same person within the year.

5. Plea of former conviction—Form of.—Section 164 of the Criminal Code prescribes the form of the plea, and this form must be followed. The mere entry of "a plea of former trial and conviction," without any other reference to or mention of the plea, will not present the defense.

SHERMAN SPEAR, BAIRD, RICHARDSON and HARLAN for appellant.

JAS. BREATHITT, Attorney General, and CHAS. H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing as to case 3610 and affirming as to cases 3608 and 3609.

In December, 1910, the grand jury of Monroe county returned three indictments that may be designated as Nos. 3608, 3609, 3610, against the appellant, Smith Shirley, each of them charging that within twelve months before the finding of the indictment he had committed the offense of "unlawfully selling spirituous, vinous and malt liquors to Wiliam Geralds in violation of the local option law then and there in force." Indictment No. 3608 charged that the sale was made in October, 1910, No. 3609 that the sale was made in August, 1910, and No. 3610 that the sale was made in September, 1910. All of the

indictments were tried on the 23rd of December, 1910, and in each prosecution there was a verdict of guilty.

In each case the evidence for the Commonwealth showed that two children of W. B. Geralds, by his direction, went to the home of Smith Shirley, the appellant, taking with them money that their father had given them, that they gave the money to Smith Shirley telling him that their father wanted brandy in exchange for it; that he delivered the quantity of brandy the money would purchase and that they returned to their father's home with the brandy and gave it to him.

In the prosecution under indictment No. 3608, which charged that the brandy was obtained in October, 1910, in the examination of the witnesses for the Commonwealth they said they did not remember when they got the brandy but that it was within twelve months next before the finding of the indictment. They were not asked to, nor did they specify the time or the month of the year in which the brandy was obtained, nor was any attempt made to confine the evidence of the transaction to any particular time.

In the prosecution under indictment No. 3609, which charged that the brandy was obtained in August, 1910, the witness, Ola Geralds, said the transaction occurred "within twelve months before I went before the grand jury, and this is a different time from the time I stated about on the trial of the other case a few moments before when my sister went with me." The witness, Maud Geralds, testified that the occurrence took place in the year 1910, but she did not remember the time or the month.

In the prosecution under indictment No. 3610. which charged that the brandy was sold in September, 1910, the witness, Ola Geralds, testified that they went five or six times during the year, 1910, with the same keg to get brandy, and got it each time, but she did not remember the time of the year or month; but she said the transaction she was speaking about was a different one from that testified to by her on the other trial.

No evidence was introduced on behalf of the defendant.

The first contention of counsel for the appellant is that the jury should have been instructed in each case to return a verdict for the defendant, because there was no

evidence that the sale was made to or the brandy delivered to William Geralds. In cases like this where the indictment specifies the person to whom the liquor is sold, it is necessary that there should be evidence conducing to show a sale to the person described in the indictment or his agent or some one acting for him, but we think there can be no doubt that the sales in each of these cases were made to William Geralds. The liquor was bought by his agents acting under his direction, the money was furnished by him, and the brandy delivered to him. Plainly this was a sale to him, as much so as if he in person had bought, paid for and received the brandy. Of course, Shirley could not be convicted for selling brandy in violation of law to Ola or Maud Geralds or both of them, as the agents of William Geralds, after he had been prosecuted and convicted or acquitted of selling the same identical brandy to William Geralds. The question whether the Commonwealth can elect to indict and prosecute for a sale to the agent and not to his principal is not presented or decided, but certain it is that a prosecution may be sustained for selling liquor to "A" upon evidence that a sale was made to his agent.

Another question raised is that the conviction under indictment No. 3608 was a bar to a prosecution under indictments Nos. 3609 and 3610. In prosecutions like these, each separate independent sale constitutes an offense and consequently there may be as many prosecutions and convictions as there have been separate independent sales, whether these sales be to the same or different persons or are made on the same or different days. A conviction may also be had for a sale at any time within one year next preceding the finding of the indictment. The Commonwealth is not confined to the day or the time specified in the indictment, but may in the examination of witnesses inquire of them concerning sales that will support the prosecution made at any time within the year, and the court may cover the year in the instructions. When, however, as in the cases before us, there is more than one indictment returned against the same person, charging sales at different specified times during the year to the same person, it is usual for the attorney for the Commonwealth to confine the witnesses introduced in support of each indictment to the particu-

lar time specified in the indictment and for the court to
limit the instructions to this time. If the Common-
wealth's Attorney and the court do this, the verdict in the
case, whether it be of conviction or acquittal will not bar
other subsequent prosecutions against the same defend-
ant for selling to the same person at other times within
the year. But if the attorney for the Commonwealth in
a prosecution under any one of the several indictments
found against the same defendant for selling to the
same person embraces the entire year in his questions or
permits the witnesses to cover the entire year in their
answers or the instructions allow a conviction for a sale
within the year, a conviction or acquittal under one in-
dictment will be a bar to another subsequent prosecution
against the same defendant for selling to the same per-
son within the year covered by the questions and answers
or the instructions in the former prosecution.

It will be observed that in the prosecution under in-
dictment No. 3608 the witnesses covered the entire year,
and the court in the instructions permitted the jury to
find Shirley guilty if they believed there had been a sale
within the year. Therefore, if the plea of former convic-
tions interposes to the prosecutions under indictments
Nos. 3609 and 3610 was properly asserted, these prosecu-
tions were barred by the conviction under indictment No.
3608.

Section 164 of the Criminal Code authorizes a plea
of former acquittal or conviction and prescribes the form
of the plea as follows:

"The defendant pleads that he has been acquitted (or
convicted, as the case may be), of the offense charged in
the indictment by the judgment of ——— court (naming
it) rendered on the ——— day of ——— (naming the
time)."

And section 176 provides that:

"An acquittal by a judgment upon a verdict or a con-
viction shall bar another prosecution for the same of-
fense, notwithstanding a defect in form or substance in
the indictment on which the acquittal or conviction took
place."

And section 179 provides:

"Neither a joinder in demurrer, nor a reply to the
plea of former acquittal or conviction, shall be neces-

sary; but the demurrer shall be heard and decided, and the plea shall be considered as controverted by denial, and by any matter of avoidance that may be shown in evidence.''

Under these provisions of the Criminal Code, if a defendant desires to plead a former acquittal or conviction he must do so in the manner pointed out in section 164, so that the court may know from the plea itself the particular prosecution that is relied on as a bar, and the attorney for the Commonwealth be prepared to make issue of fact with the defendant upon his plea.

We find in the record of indictment No. 3609 in an order of court that "the defendant entered his appearance, a plea of not guilty, also a plea of former trial and conviction." There is no other reference to or mention of the plea in the record. The mere entry of a "plea of former trial and conviction" is obviously not sufficient under the Code to present the defense of a former trial and conviction. It does not contain any of the averments set out in the form prescribed by the Code.

The record in indictment No. 3610 shows that the defendant "entered his plea of former trial and conviction under indictment pending in this court, No. 3608," and that he offered to introduce as evidence the indictment, the verdict of the jury, the judgment thereon, and the instructions of the court in indictment No. 3608, all of which was excluded by the court. The plea of former conviction interposed in this prosecution, although technically defective in one particular, and the evidence offered in support of it, was, we think, sufficient to authorize its consideration by the court, and the court should have ruled it sufficient to constitute a bar.

Wherefore, the judgments under indictments Nos. 3608 and 3609 are affirmed, and the judgment under indictment No. 3610 is reversed, with directions to dismiss the indictment.