## Commonwealth v. Ashby.

(Decided April 19, 1917.)

## Appeal from Trimble Circuit Court.

1. Indictment and Information—Plea of Former Conviction.—Although an indictment need not state the date of the commission of this offense under the provisions of section 129 of the Criminal Code, still if it does state a date and a plea of guilty is entered thereto, a judgment rendered on such a plea will not avail the defendant as a plea of former conviction for another similar offense covering the same period and which the evidence shows was committed on a different date from that charged in the indictment to which the plea of guilty was entered. In such case the plea of former conviction can have no effect on another indictment, unless the facts upon the trial under the latter covers the same date that is charged in the first one.

2. Criminal Law—Evidence—Subsequent Indictment—Bar.—If the evidence heard at the trial under an indictment does not fix the offense for any specific date and the jury would be authorized to return a verdict for any offense which may have been committed within the period of limitation fixed by the statute for the prosecution of such offenses, a conviction or an acquittal will be a bar to another indictment for an offense shown to have been committed at any time within that period of limitation, but otherwise if the conviction is had under a plea of guilty and under the circumstances shown in No. 1.

M. M. LOGAN, Attorney General, C. H. MORRIS, Assistant Attorney General, and CHARLES H. SANFORD for appellant.

W. B. MOODY and JOHN W. BARNES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee, Ashby, was indicted on September 7, 1916, by the grand jury of Trimble county for the offense of gaming, the charging part of the indictment being that: "The said Moffet Ashby in the said county of Trimble on the .............. day of July, 1916, and before the finding of this indictment, did unlawfully engage in and play hazards and games, to-wit: Cards and dice games, on which games so played money and property of value were then and there bet, won and lost, against the peace and dignity of the Commonwealth of Kentucky."

To this indictment he entered a plea of not guilty, and also one of former conviction. After the evidence

was heard, the court being of the opinion that the plea of former conviction had been sustained, peremptorily instructed the jury to find him not guilty, which was done, followed by a verdict to that effect, upon which a judgment of acquittal was rendered, and to reverse it the Commonwealth prosecutes this appeal.

The testimony for the Commonwealth given by its only witness, Dora Alexander, was that some time in the fall of 1915, which the witness thought was in October, he engaged in a game of craps with the defendant and other persons in Trimble county, in which money was bet, won and lost. The defendant in his testimony admitted that he had played craps, and perhaps other games, where money was bet, won and lost, in Trimble county, within five years before the finding of the indictment, upon more than one occasion, but he showed that at the January, 1916, term of the Trimble circuit court he was indicted for a similar offense to the one charged in the indictment under which he was being tried, and to which he entered a plea of guilty at the following April term of the court and was adjudged to pay a fine of $20.00. The first indictment was introduced, as well as the judgment of the court, under the plea of guilty entered thereto. In the first indictment the charging part of it is the same as in the last one, except that the offense is charged to have been committed on the ............. day of July, 1915. It will be observed that no testimony was heard under the plea of guilty which the defendant entered to the first indictment, nor was there any agreed statement of facts submitted to the court, but it is contended by counsel for defendant that inasmuch as the first indictment was found after the date of the offense, as proved by the prosecuting witness under the second indictment, that the conviction under the plea of guilty entered to the former atoned for all of the offenses against the gaming laws which defendant may have committed before the date of the finding of the first indictment. If there had been a trial of the first indictment, and evidence heard which did not point out any specific date within the period of limitation when the offense was committed, under the law, as determined by this court and elsewhere, a conviction or an acquittal upon such evidence would be a bar to all prior offenses. This rule is the correct rule, as stated in 12 Cyc. 281, and this court recognized it to

be the true one in the case of Shirley v. Commonwealth, 143 Ky. 183, wherein, in dealing with the question, it is said:

"The Commonwealth is not confined to the day or the time specified in the indictment, but may in the examination of witnesses inquire of them concerning sales that will support the prosecution made at any time within the year, and the court may cover the year in the instructions. When, however, as in the case before us, there is more than one indictment returned against the same person, charging sales at different specified times during the years to the same person, it is usual for the attorney for the Commonwealth to confine the witnesses introduced in support of each indictment to the particular time specified in the indictment and for the court to limit the instructions to this time. If the Commonwealth's Attorney and the court do this, the verdict in the case, whether it be of conviction or acquittal will not bar other subsequent prosecutions against the same defendant for selling to the same person at other times within the year. But if the attorney for the Commonwealth in a prosecution under any one of the several indictments found against the same defendant for selling to the same person embraces the entire year in his questions or permits the witnesses to cover the entire year in their answers or the instructions allow a conviction for a sale within the year, a conviction or acquittal under one indictment will be a bar to another subsequent prosecution against the same defendant for selling to the same person within the year covered by the questions and answers or the instructions in the former prosecution."

In that case the offense involved was that of selling liquor in violation of the local option law, and numerous sales had been made to the prosecuting witness, whose name it is necessary to state in an indictment for that offense, but an indictment for the offense of gaming need not state the name of the person or persons with whom the game was played. There is also a different period of limitation provided in the two offenses, it being one year for violating the local option law, but five years for the offense of gaming. These differences, however, do not alter the principle involved and now under consideration. Under the rule as we have found it to be, it was competent in the trial of the defendant

under the last indictment to show that the offense was committed at any time within five years before the finding of that indictment, although a different date was. charged in it, and as the evidence pointed out the date of the offense to have been in October, 1915, a conviction or an acquittal under that indictment would have been a bar to another indictment for the same offense either charged to have been committed in October, 1915, or which the evidence may have shown to have been committed at that time, but it would not be a bar to the same offense committed at some other and different time. The same would have been the consequences of a trial after investigation under the first indictment found against defendant, but inasmuch as there was no evidence heard under that indictment, it must be presumed that it was for an offense committed in July, 1915, the date specified in the indictment.

It is true that it was not necessary, under section 129 of the Criminal Code, to specify the date of the commission of the offense, further than to show that it was before the finding of the indictment, but inasmuch as the date was specified and the defendant entered a plea of guilty thereto, he cannot be heard to say that he intended to plead guilty to an offense committed upon any other day than the one alleged in the indictment to which he entered his plea of guilty. To hold otherwise would give to the plea of former conviction or former acquittal a scope that would be dangerous to the peace and security of society and would greatly hamper the Commonwealth in the enforcement of the law and prosecution of offenders, and would be carrying it to an unreasonable extent. Moreover, incorrigible offenders against whom numerous indictments might be found for repeated violations of the law could defeat the just punishments of the law by entering the plea of guilty to one indictment and thereby become absolved from punishment for persistent and continuous defiance of the law. No construction should be indulged in which would afford the defendant an opportunity to thus be rewarded by resorting to the plea of former conviction obtained under such circumstances.

We, therefore, conclude that the court erred in holding the plea of former conviction to be a bar to the indictment under which the defendant was being tried, and the judgment is therefore reversed.