## Magdalena Peirano v. Shapiro, et al.

### William Peirano v. Shapiro, et al.

(Decided May 28, 1920.)

## Appeals from Campbell Circuit Court.

1. Gaming—Action for Recovery of Money Lost—Pleading.—Sections 1956 and 1969 of the Kentucky Statutes provide for and authorize two separate and distinct causes of action, the one giving the loser or his creditor the right to recover from the winner the value of any property which may be lost in any of the games specified, and the other giving cause of action to the same parties to recover losses against the one who invites, persuades or otherwise induces the loser to visit any of the places mentioned in section 1960 of the statute. Evidence, therefore, of facts essential to the recovery under one section will not authorize a recovery under the other when the petition seeks a recovery under the latter section, only.

2. Gaming—Action to Recover Money Lost—Evidence.—Whether the refusal of the court in a suit brought under section 1956, to permit plaintiff to introduce a record showing that defendant had been indicted and fined for the offense of operating a game of chance for compensation, was error, is not determined, since plaintiff was permitted, in the cross-examination of defendant, to develop all the facts, and was not prejudiced by the court's action in excluding the record, if it was error.

3. Gaming—Action to Recover Money Lost—Evidence of Conviction.—The court properly excluded the record of the police court of Cincinnati, Ohio, showing that defendant had been convicted of a misdemeanor in that court, because such fact was irrelevant to establish any of the issues in the case, and was not competent to impeach defendant's character.

4. Judgment—Trial—Caption—Pleading.—A recovery can not be had against a defendant made so in the caption of the petition only, when there is no allegation against him in the petition.

5. Gaming—Evidence—Verdict.—On the issue, as to plaintiff's losses, which were sought to be recovered, and upon other issues essential to a recovery, the evidence was conflicting, and the court properly submitted them to the jury, and its verdict in favor of defendants can not be said to be flagrantly against the evidence.

HUBBARD SCHWARTZ for appellants.

FRANK V. BENTON, A. C. FRICKE and C. W. YOUNGBLUT for Shapiro and Wallace.

WILLIAM F. CLARK for Roth.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The first case above is a suit brought by Magdalena Peirano, wife of William Peirano, against Nathan Shapiro, Louis Roth, Joseph Bauer and John E. Wallace, in the Campbell circuit court, seeking to recover from defendants the sum of $1,000.00 which she alleged her husband "wagered and lost and paid to defendants, their agents, servants and employees," in a game of craps alleged to have been operated and conducted by the defendants at No. 335 York street, in the city of Newport, and which occurred, according to the petition, on July 4, 1918. She alleged that she was a creditor of her husband to the extent of $1,000.00, which sum she, a few days before, had loaned to him, and she claimed the right to bring the suit under the provisions of section 1956, Kentucky Statutes.

While the caption in her petition made Louis Roth a defendant, she did not allege any facts against him in the body thereof, nor did she in any amendment charge him with any of the matters complained of.

On the same day the husband, William Peirano, filed a similar suit against the same parties, in which he sought by his petition as amended to recover of them, upon the same facts, the sum of $1,230.00, the aggregate of the sums alleged to have been lost by him in the crop game from June 25 to June 30, 1918, inclusive. The husband's petition alleged facts which if true would authorize a recovery against all the defendants he named. The defendant, Joseph Bauer, was not summoned, nor did he appear in either suit. The other defendants an-

swered, denying the allegations of the respective petitions, and the cases being heard together, the court in the wife's case sustained the motion of appellees Roth and Wallace for a peremptory instruction in their favor, but by instructions which we deem appropriate, and of which no complaint is made in brief of counsel, the court submitted the case as against the defendant Shapiro, and a verdict was returned in his favor, upon which judgment was pronounced dismissing the wife's petition.

In the husband's case the court sustained the motion of defendant Wallace for a peremptory instruction in his favor, but under instructions which we also deem appropriate, and which are not criticized, submitted the issues as to the liability of the defendants Shapiro and Roth, and the jury found in their favor, followed by a judgment dismissing that petition. Plaintiffs' motion for a new trial having been overruled, they each appeal.

The principal questions argued for a reversal, and which are common to both cases, are (1) that the court erred in sustaining defendant's objections to the introduction of the record in the Campbell circuit court of prosecutions by indictment against defendants, Shapiro and Roth, in which indictments they were charged with setting up, carrying on, managing, operating and conducting a game of craps for compensation in Campbell county, which charge was reduced in each case by the Commonwealth's attorney to that of "suffering a common nuisance," and the defendant Shapiro was by agreement fined $1,000.00, and the defendant Roth was fined $250.00; (2) refusal of the court, upon objection, to permit plaintiffs to introduce the record of the police court of Cincinnati, Ohio, showing that the defendant Shapiro had been fined $100.00 in that court for "unlawfully having race horse slips in his possession." (3) Error of the court in giving the peremptory instructions above referred to, and (4) that the verdicts of the juries are not sustained by and are flagrantly against the evidence.

Considering these in the order named: (1) It is extremely doubtful if the records of the Campbell circuit court, which the court declined to admit, were relevant under the circumstances of this case. If we concede, as contended by appellant's counsel, that an admission of record in a criminal prosecution is relevant upon trial of a civil case where the same issue is involved, it would not follow that the court erred in rejecting the record

of the criminal proceedings in this case, for it is not shown that the fines assessed and paid by the defendants, Shapiro and Roth, were for offenses committed at the time or place complained of by the plaintiff; but waiving these questions, the court permitted oral examination of the defendants concerning the indictments against them, as well as the assessment and their payment of the fines, so that the full benefit of that testimony, if relevant, was obtained by plaintiffs. Its only effect, if relevant, would be to show that defendants were carrying on and operating the game, which fact the defendant Roth admitted, but it was denied by the defendant Shapiro. Under the state of the record we must disagree with counsel as to the sufficiency of this alleged error to authorize a reversal of the judgments.

Ground (2) insisted upon may be briefly disposed of by saying that the conviction of the defendant Shapiro for some city or statutory misdemeanor in the state of Ohio would have about as much relevancy to the issues involved in the instant cases as this opinion would have upon the settlement of the question of home rule in Ireland. It could not possibly elucidate or shed any light upon the fact as to whether John Peirano lost any money at the times complained of, or if he did, where he lost it, or to whom. Neither could such testimony be introduced for the purpose of impeaching the credibility of Shapiro, since under the provisions of section 597 of the Civil Code only convictions for a felony may be introduced for purposes of impeachment. This ground will therefore have to be disallowed.

Turning to ground (3) the action of the court in giving the peremptory instruction in favor of the defendant Roth in the wife's case was because she, as we have heretofore seen, made no allegations concerning him in her petition, and for manifest reasons the court properly sustained his motion in that case.

The reason for sustaining the motion as to the defendant Wallace in both cases was that there was no evidence connecting him in any manner with the game of craps at which the husband is alleged to have sustained his losses, nor does any witness testify that Wallace played in any of the games or that he had any connection in any manner therewith. It is true that he owned, operated and conducted a saloon in the first story of the

building where the crap game was going on above, but instead of the evidence showing him to be in any wise interested in it, it expressly shows that he had nothing whatever to do with it, and that the game was operated by other persons, entirely independent of the saloon business of Wallace. It is likewise true that the husband testified that he was invited by Wallace to the place where the game was being conducted, and that he was thereby induced to participate in it, and it is insisted that Wallace was thereby made liable, under provisions of section 1969 of the Kentucky Statutes, which says:

"Whoever shall invite, persuade, or otherwise induce another to visit any place where any gaming mentioned or included in section 1960 of this chapter is carried on, shall be fined from fifty to five hundred dollars, and, moreover, be responsible to such other and his creditors for whatever he may lose in gaming at such place."

It might be conceded that the testimony of the husband created a *prima facie* liability against Wallace, under that section of the statute, but neither petition is based or bottomed upon that section. They each confine the right of plaintiff to recover under the facts set out in section 1956, *supra*, and this court held, in the cases of Wehmhoff v. Rutherford, 98 Ky. 91, and Stapp v. Mason, 114 Ky. 900, that the two sections provided for separate, independent and distinct causes of actions which could not be joined in one petition containing separate counts. In the Wehmhoff case, the court, *inter alia*, said:

"It is manifest that distinct causes of actions exist under the sections named. In one case the recovery is against the winner and in the other against the one who induced him to visit the place where the gaming was carried on."

The Stapp case was brought under the provisions of section 1969, against the one who had invited and induced the plaintiff to visit the game in which it was alleged he sustained his losses. In the course of the opinion the court, in pointing out the fact that the causes of action provided for by the two sections were distinct, said: "This is not an action under section 1956 providing for a recovery of money lost from the winner, for the facts required by that section are not alleged."

There being no testimony connecting the defendant Wallace with the game, and no allegation in the petitions seeking a recovery against him for *inviting* or *inducing* the husband to participate in the game, it was not error for the court to direct a verdict in his favor.

In the discussion of ground (4), the last one urged for reversal, it may be stated that it was essential to a recovery by both plaintiffs that it should be made to appear from the evidence to the satisfaction of the jury that the husband played in the games complained of and lost thereby; that defendants won the money so lost, or a part of it, or that they were interested in managing, conducting and operating the game for compensation; and it devolved upon the wife to show in addition that she was a creditor of her husband.

As to this last issue we think there was a total failure of proof. The money claimed by the wife was obtained from the bank account kept in the name of both husband and wife; it had been deposited from sums taken in by the husband in the operation of his restaurant business in Cincinnati, and upon which account he had the right to draw his individual checks. A few days before the alleged losses for which the wife sued, the husband drew his check, payable to himself, for $960.12, which was cashed, and the money given to the wife, and the husband says that he afterward gave her enough money to make up the one thousand dollars, which he expected to use in paying accounts against his business on July 2, but instead, he gambled it away.

We fail to see wherein the wife became vested with title to the one thousand dollars because she was entrusted with it for a few days after it was drawn from the bank; and there are no other facts in the record sufficient to show her title to it.

Upon the other issues of fact there was a sharp contrariety of proof, with the greater number of witnesses testifying in favor of defendants. There can be no doubt from this record but that the husband played craps at the place alleged in the petitions, and the defendant Roth either operated entirely, or was interested in the operation of the game, and that Shapiro also played in the game. But these facts alone are not sufficient to authorize a recovery under the statute.

The proof being contradictory upon the essential facts, the court properly submitted them to the jury,

and its verdict not being flagrantly against the evidence, this ground urged for a reversal must also be denied.

There appearing no errors prejudicial to the substantial rights of the plaintiffs, the judgment in each case is affirmed.