## Posey v. Commonwealth.

(Decided April 18, 1922.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Reading Indictment for Purpose of Impeachment of Witness.—An indictment for a misdemeanor and a plea of guilty thereto, may be read in evidence, for the purpose of impeaching a witness by showing that he has theretofore made a different statement, but, if the indictment and plea of guilty do not contradict the witness, they are incompetent as evidence, and the only effect they would have would be to impeach the witness by proving that he had been convicted of particular wrongful acts, not amounting to felonies, which is not allowable under section 597, Civil Code.

2.    Criminal Law—Argument and Conduct of Counsel.—Improper argument of the Commonwealth's attorney, which is complained of for the first time, in the grounds for a new trial, will not be considered upon appeal.

J. S. FULLERTON for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

The appellant, Raymond Posey, was indicted and tried in the Boyd circuit court, for the offense of unlawfully transporting whiskey. He was found guilty by the verdict of the jury, and was so adjudged by the court, and his punishment fixed at a fine of one hundred and fifty dollars and imprisonment for the period of forty days in the county jail. His motion to set aside the verdict and judgment and to grant him a new trial was overruled, and he has appealed. He insists that the judgment should be reversed because the court erred to the prejudice of his substantial rights (1) in admitting incompetent evidence against him over his objection, (2) and in instructing the jury, and, (3) that the Commonwealth's attorney indulged in improper argument to the jury.

These contentions will be considered in their reverse order. No objection was made to the statements of the Commonwealth's attorney at the time, and complaint in regard to them appeared for the first time in the grounds for a new trial. It has often been held that complaint of improper argument by the Commonwealth's attorney, which appears for the first time in the grounds for a new trial, will not be considered by this court upon appeal. Gee v. Commonwealth, 178 Ky. 666; Arnold v. Commonwealth, 194 Ky. 421; Thompson v. Commonwealth, 155 Ky. 333. Besides the conduct complained of will probably not occur upon another trial.

(b) A consideration of the instructions given does not disclose that, in this action, they contained any prejudicial error to appellant.

(c) The contention that incompetent evidence was admitted against appellant, over his objection, presents a question which is not without difficulty. George Newton was the only witness in chief of the Commonwealth, and he testified in substance as follows: That on the 5th day

of September, 1921, at about three o'clock a. m., he saw the appellant engaged in unloading bottles and packages from an automobile in the alley at the rear of Carl Berger's place of business, and they were being taken into the place of business of Berger through the rear entrance from the alley; that he, witness, was working in a garage nearby and that on the same morning appellant brought a bottle of whiskey to the garage where the witness took a drink of it, and appellant said that it was some of the whiskey that they had unloaded on that morning; that witness had given evidence upon which numerous persons had been indicted for violation of the laws concerning spirituous liquors, among whom was Berger, who had pleaded guilty of the offense. The witness made no mention of Berger being present at his place of business at the time he saw appellant unloading bottles and packages, nor did he state what particular violation of the law for which he had indicted Berger, and to which Berger had pleaded guilty, nor when it was that Berger had committed the offense. In other words there was no evidence to show in any degree that the whiskey which Berger was indicted for keeping for sale had any connection with the whiskey which the appellant is accused of transporting. The appellant's testimony consisted of a denial of the truth of Newton's testimony, so far as it pertained to his actions.

Carl Berger was then offered as a witness for appellant and deposed that the appellant did not at the time, or at any time, unload or aid in the unloading of any whiskey at the rear of his place of business; that he, Berger, was not at his place of business at the time stated by Newton; that such hour was earlier than he opened his house for business of a morning. The following questions were then propounded to him by the attorney for the Commonwealth in cross-examination, and the following answers were made:

"Ques. Carl, did you not plead guilty in this court to having liquor in your place of business for sale at the time in question? Defendant objects, objection overruled, defendant excepts.

"Ans. No sir, not at the time mentioned by Newton.

"Ques. Did you not serve a term in jail for having liquor in your place of business for sale during the time in question, having been convicted in this court on a plea of guilty? Defendant objects, objection overruled, defendant excepts.

"Ans. Yes, but it had no connection with the charge against the defendant, Posey, it was not at that time.

"Ques. Were you at your place of business at 3 a. m. on the morning in question?

"Ans. No, sir, I was not, I never open up myself before seven or eight a. m.

"Ques. Then you were not present yourself at the time stated by Newton?

"Ans. No sir, not at that hour of the day or night."

The Commonwealth's attorney was then permitted, in rebuttal, over the appellant's objection, to introduce and to read in evidence an indictment against the witness, Berger, which accused him of having kept whiskey for sale on the 5th day of September, and also a judgment of the court which recited that he had entered a plea of guilty to the indictment, and that upon that plea he was adjudged guilty of the offense, and sentenced to the payment of a fine of one hundred and fifty dollars and costs, and imprisonment for the period of forty days in the county jail. The jury was then admonished "That it should not consider this evidence as substantive evidence against the accused of his guilt of the offense charged against him, but only for the purpose of affecting the credibility of the witness, Carl Berger, if in the judgment of the jury it did so affect it, beyond a reasonable doubt."

The evidence complained of were the answers which Berger was required to make to the first and second questions upon cross-examination, and the introduction of the indictment for keeping whiskey for sale, and the judgment of conviction thereon. It is insisted that none of this evidence was competent for the purpose of impeaching the witness, and that it could not be heard for any other purpose.

It will be observed that the sum total of the evidence which Berger gave was that he was not present at his place of business at the time when Newton deposed that appellant was unloading and conveying and assisting in conveying bottles and packages into Berger's place of business, through the rear entrance, and that he did not open his place until seven or eight o'clock in the morning from which only an inference could be drawn that appellant did not deliver any whiskey there to Berger at as early an hour as deposed by Newton. Berger did not depose that at the time the witness, Newton speaks of, he did not have whiskey for sale. The fact that Ber-

ger had been indicted or convicted for keeping whiskey for sale in an action to which appellant was not a party, was and could not be substantive evidence and competent for the purpose of proving that appellant transported whiskey to Berger's place, and hence the indictment and judgment against Berger could be competent only for the purpose of impeaching Berger by contradicting him. If they did not contradict any statement made by him in his evidence their competency as evidence would fail. Section 597 of the Civil Code which applies to evidence in criminal and penal actions, as well as civil actions, provides:

'A witness may be impeached by a party against whom he is produced by contradictory evidence, by showing that he has made statements different from his present testimony, or by evidence of his general reputation for untruthfulness or immorality, which renders him unworthy of belief; but, not by particular wrongful acts, except that it may be shown by the examination of a witness or record of a judgment that he has been convicted of a felony.'' The indictment and judgment against Berger not being competent evidence to prove that appellant transported whiskey to Berger as substantive evidence, it is clear that the only ground upon which they were competent evidence, if at all, was that his admission of guilt by a plea of guilty of keeping whiskey for sale was contradictory of the inference to be drawn from his testimony that appellant did not transport any whiskey to his place of business at 3 a. m. on September 5th, because his house was closed at that hour and it was not delivered there. Berger admitted that he pleaded guilty to the charge of keeping whiskey for sale, but stated that the whiskey which he admitted having for sale was had at a different time to that fixed by Newton, as the time when appellant transported the whiskey to his place of business. Hence the only ground for holding that the plea of guilty to the indictment was a statement different from the inference to be drawn from his evidence, was that the date upon which he is charged in the indictment with keeping whiskey for sale was the 5th of September, and the same as the date fixed by Newton as the time that appellant delivered whiskey at Berger's place of business. There is no evidence that the whiskey for which Berger was indicted for keeping for sale was the same that Newton deposes to seeing appellant engaged in transporting, unless the date fixed in the indictment is proof of that

fact. As a matter of law, however, the date upon which a misdemeanor is charged in an indictment with having been committed, is only inserted for the purpose of showing that the indictment was returned before the statute of limitation has barred the prosecution of the offense, and such is the only office as a general rule that it has. Although an indictment may fix the date upon which a misdemeanor was committed, the Commonwealth is not bound, except upon demurrer, to such date, but may sustain the prosecution by offering proof of its commission at any time within twelve months before the finding of the indictment, or other period of limitation fixed for the prosecution of the offense by statute. Further, time is not a material ingredient of the offense except that its commission was within the statutory period before the return of the indictment, in which the offense may be prosecuted. Section 129, Criminal Code; C. R. Company v. Commonwealth, 80 Ky. 137; Commonwealth v. Ky. Highland Coal Co., 147 Ky. 709; Commonwealth v. Ashley, 175 Ky. 155; Shirley v. Commonwealth, 143 Ky. 183; Frey v. Commonwealth, 169 Ky. 528. Hence a plea of guilty to an indictment for a misdemeanor is not an admission or statement that the offense was committed upon the date charged in the indictment, but only an admission or statement that it was committed before the prosecution was barred by limitation. Hence the indictment and judgment not being contradictory of any statement made by Berger in his evidence, had only one effect and that was an attempt to impeach his credibility as a witness, by proving his conviction of a misdemeanor. According to the requirements of section 597, *supra,* and the numerous decisions of this court, a witness cannot be impeached by proving the commission by him of particular wrongful acts, except the act be a felony for which he has been convicted. Wells v. Commonwealth, 30 K. L. R. 504; Pennington v. Commonwealth, 21 K. L. R. 542; Hensley v. Commonwealth, 25 K. L. R. 48; Ashcraft v. Commonwealth, 22 R. 1542; Powers v. Commonwealth, 110 Ky. 386. The indictment for keeping whiskey for sale and the plea of guilty thereto, alone, were not competent as evidence, and their introduction in our opinion upon the facts of this case was prejudicial to the appellant.

The inquiries made of Berger, upon cross-examination, concerning his plea of guilty to an indictment against him for keeping whiskey for sale should have

been confined to an inquiry, of his having pleaded guilty to an indictment for keeping for sale, the whiskey transported to him by Posey, and not generally, for in the latter instance the inquiry would not have been relevant and would have the effect only of impeaching the witness by the commission of particular wrongful acts, not amounting to felonies.

The judgment is reversed and cause remanded for proceedings not inconsistent with this opinion.