## Hall v. Commonwealth..

(Decided December 16, 1924.)

## Appeal from Pike Circuit Court.

1. Criminal Law—Continuance and New Trial Denied when Affidavit did Not Show that Defendant's Absence was Not Intentional or Due to Negligence.—Where clerk refused to set case for October term, and after accused had left county without ascertaining time for trial the case was set for trial, there was no. abuse of discretion in denying continuance or new trial on ground of accused's absence, where the affidavit did not show that his absence was not intentional or due to negligence. `

2. Criminal Law—Consent to Search Bars Objection that Evidence was Procured Illegally.—When accused consented to search, he cannot complain that evidence was procured by illegal search.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant was convicted of the illegal possession of intoxicating liquor, and his punishment fixed at a fine of $300.00 and sixty days in jail.

. A reversal is asked on the ground that the court erred in refusing a continuance, and in denying him a new trial on account of his absence at the time of the trial.

It appears that appellant was convicted in the quarterly court on June 9, 1924. On the same day, he prosecuted an appeal to the circuit court which was then in session. Appellant's attorney asked the clerk to set the case for the October term, but the clerk declined to do so, and left the matter open. The court set the case for trial on the fifth day of the term. When the case was called a continuance was asked on the ground that appellant returned to his home in Floyd county, believing that his case would not come up for trial until the October term of court, that after his departure the case was set down for trial, and that his counsel had not had an opportunity to communicate with him. The court overruled the motion for a continuance, but passed the case until the following Monday, or two days later. There is no showing in the record that appellant was misled by

the court, or any officer of the court, as to the time of his trial.   He merely left for his home without taking the trouble to inquire when his case would be tried.   For aught that appears in the record, the order setting the case for trial on the fifth day of the term may have been entered on the first or second day of the term, thus giving counsel a reasonable opportunity to acquaint appellant with the time of trial.   When a continuance, or a new trial, is asked on account of the absence of the defendant, the affidavit should state facts showing that his absence was not intentional, or due to his negligence, or that of his counsel.   Here, no such showing was made, and the court did not abuse a sound discretion in refusing a continuance, or in denying appellant a new trial.

Another point is that the evidence was all obtained by an illegal search of appellant's saddlebags, in which the intoxicating liquor was found.   In reply to this contention we need go no further than to say that all the witnesses agree that appellant consented to the search, and, therefore, he is not in a position to complain of the admissibility of the evidence which the search disclosed.

Judgment affirmed.