## Newhouse v. Commonwealth.

(Decided February 6, 1925.)

### Appeal from Bourbon Circuit Court.

1. Witnesses—Requiring Defendant to Testify as to Prior Conviction of Felony Held Not Error.—In murder prosecution, where defendant testified that he never shot deceased, Commonwealth could impeach his testimony by requiring him to testify, as provided by Civil Code of Practice, section 597, that he had been theretofore convicted of felony.
2. Criminal Law—Record Cannot be Made up by Offer to file Affidavits Concerning Attempt to File Motion for Change of Venue Near End of Trial.—Record on appeal cannot be made up by bringing to appellate court, and offering to file, affidavits concerning attempt to file motion for change of venue near end of trial, and aggreement with Commonwealth's attorney in such connection, as defendant should have embodied such motions and affidavits in bill of exceptions presented to lower court for certification to appellate court.
3. Criminal Law—Error in Refusal to Consider Motion for Change of Venue, Not Presented in Absence from Record of Evidence Supporting Motion.—In absence from record of evidence to support tendered motion for change of venue, not offered in trial court until near end of trial, appellate court cannot say that trial court erred in refusing to consider it.

PHIL J. RYAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

This is a companion case to that of Hall v. Commonwealth, 207 Ky. 718, 266 S. W. 1076. In that case will be found a statement of facts involved in this case. With the exception of the question of a change of venue, and of a question of the propriety of requiring appellant Newhouse to testify that he had been formerly convicted of a felony, the reasons advanced in this case for a reversal are the same as the ones advanced in the Hall case. Our conclusions concerning their lack of merit may be found in the opinion in that case.

Regarding the two questions above noted, it is urged, first, that the court erred in requiring Newhouse to testify, as provided by section 597 of the Code, that he had been theretofore convicted of a felony, the argument being that as Newhouse had gone on the stand and admitted all the facts charged he could not be impeached. Without deciding whether or not counsel is correct in his theory of the law, we find that the evidence shows that Newhouse did not admit all the facts charged. He claimed that he never shot Buchanan. At least here was a point in his evidence by reason of which the Commonwealth was entitled to impeach his testimony.

It is next urged that appellant was entitled to a change of venue. So far as this record shows, Newhouse never offered to make a motion for a change of venue until very near the end of his trial. The court then refused to allow him at that late date to file his motion. Newhouse has brought to this court and offered to file a number of affidavits touching on this matter of his attempt to file a motion for a change of venue and on what he claims was an agreement he had with the Commonwealth's attorney in this connection. It is obvious that a record on appeal cannot be made up in this fashion in this court. Appellant should have embodied these motions and affidavits in his bill of exceptions presented to the lower court and thus have had them properly certified to this court. The motion to file the tendered affidavits in this court is overruled and in the absence from the record of any proof or evidence to support the tendered motion for a change of venue, which undoubtedly

was offered too late in the trial for the court's consideration, we cannot say the trial court erred in refusing to consider it.

Judgment affirmed.

Whole court sitting.