## Day v. Commonwealth.

(Decided Oct. 30, 1934.)

H. R. WILHOIT and LITTLETON & JARVIS for appellant.

BAILEY P. WOOTTON, Attorney General, and D. C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Acie Day appeals from a judgment convicting him of malicious cutting and wounding, with intent to kill, and fixing his punishment at two years' imprisonment.

Dave Maggard, the prosecuting witness, testified as follows: He and appellant were at Enterprise, in Carter county. Appellant was mad at him, and accused him of having his wheelbarrow and not bringing it home. Appellant followed him around, using abusive and insulting language. At one time when appellant was coming at him he pushed appellant away with a stick. Later on he left Enterprise and started for his home. Soon thereafter appellant and two or three members of his family started in the same direction. On reaching the forks of the road he started up the fork leading to his home, and appellant started up the other fork leading to appellant's home. After he had gone a short distance past the forks, appellant overtook him and cut him when

he was not doing anything to appellant. Other witnesses corroborate the prosecuting witness.

According to appellant and his witnesses, Maggard had pushed him in the stomach with a large club. After Maggard had left Enterprise, he went to the home of his sister, and remained there fifteen minutes, after which he and two or three members of his family started up the road traveled by Maggard. They walked along until they came to the schoolhouse, when Maggard came from behind the schoolhouse with the same piece of flooring he had had at Enterprise, and struck him over the head with it, knocking him to his knees. Up to this time he had not said or done anything to Maggard. When Maggard struck him over the head, he cut Maggard with a knife in order to protect himself.

While appellant was on the stand, he was required to admit over his objections that he had been convicted by a jury at that term of being drunk on the day of the cutting, and the admission of this evidence is the main ground on which a reversal is asked. As appellant had testified that he was not drunk on the occasion in question, it is apparent that the only purpose of getting the evidence before the jury was to impeach or discredit appellant as a witness. Under section 597, Civil Code of Practice, a witness may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or the record of a judgment that he has been convicted of a felony, and the section applies to criminal as well as civil cases (Newhouse v. Commonwealth, 207 Ky. 731, 270 S. W. 11; Posey v. Commonwealth, 194 Ky. 483, 240 S. W. 91); but the rule is confined to felonies, and the commonwealth may not require the accused to admit, or otherwise prove, that he has been convicted of a misdemeanor (Welch v. Commonwealth, 110 Ky. 105, 60 S. W. 948, 64 S. W. 262, 23 Ky. Law Rep. 151; Wells v. Commonwealth, 99 S. W. 218, 30 Ky. Law Rep. 504; Peirano v. Shapiro, 188 Ky. 652, 223 S. W. 1098; Forgy v. Commonwealth, 219 Ky. 177, 292 S. W. 799). As the case is a close one on the facts, and the evidence complained of may have been sufficient to turn the scales against appellant, we conclude that its admission was prejudicial error.

Judgment reversed and cause remanded for a new trial consistent with this opinion.