## MAY v. COMMONWEALTH.

Court of Appeals of Kentucky.

March 16, 1951.

C. F. See, Jr., Louisa, for appellant.

A. E. Funk, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

LATIMER, Justice.

Warrant was issued against appellant on February 21, 1950. The pertinent part of the charge in the warrant is, "The said Mrs. Harry May did on the 21st day of February 1950 in the County aforesaid unlawfully and knowingly did sell to one Melvin Martin, one half pint of intoxicating alcoholic beverages, whiskey for the sum of $2.00 and in violation of the Local Option Liquor Laws, then in full force and effect in Lawrence County Kentucky and within 12 months before the issuing of this warrant."

In substance the facts appear to be as follows. On the 21st day of February Melvin Martin appeared in some of the county offices of Lawrence County in a more or less intoxicated condition at which time he informed the officers that he had purchased liquor on the 18th day of February from appellant and that if they would furnish him the money he would go down and purchase some more. At that time they prepared an affidavit for him which he signed preliminary to the issuance of the the search warrant. Martin says the money was furnished him with which to purchase the liquor on the 21st. None of the officers, however, would admit giving the money to buy the liquor. At any rate Martin proceeded to the home of appellant on the 21st day of February and undertook to

purchase from her liquor. The officers followed him with their search warrant.

The evidence shows that Martin did not purchase any liquor on the 21st and informed the officers that he was told they were out of liquor. The officers then proceeded with the search and were unable to find any liquor. But the testimony is that before they could enter the house, appellant had broken bottles containing liquor and that they found the necks of 5 or 6 one-half pint broken bottles, the label bearing the same brand as that which the prosecuting witness said he had purchased on the 18th.

■ Apparently the contention relative to demurrer to the warrant has its basis in the fact that the warrant charges a sale of liquor on the 21st day of February and the proof shows that the sale was made on the 18th. Obviously, this is not a matter that could be reached on demurrer, since the court had no way of ascertaining at that time whether or not the proof had shown whether the sale was made on the 21st or the 18th. There is nothing more than a variance between the charge in the warrant and the proof. However, this is not such variance as would entitle the defendant to relief.

■ In Shirley v. Commonwealth, 143 Ky. 183, 136 S.W. 227, 229, we find these words: "A conviction may also be had for a sale at any time within one year next preceding the finding of the indictment. The commonwealth is not confined to the day or the time specified in the indictment, but may in the examination of witnesses inquire of them concerning sales that will support the prosecution made at any time within the year, and the court may cover the year in the instructions."

In Adams Express Co. v. Commonwealth, 178 Ky. 59, 198 S.W. 556, 557, it was said: "The date, however, of the delivery of whiskey fixed in the indictment was not material. The commonwealth had the right to show a delivery of the quantity specified in the indictment to the consignee named in the indictment at any time within one year before the indictment was found, and this indictment covered the year antecedent to March 11, 1916."

■ It is next insisted that the court erred in permitting the introduction of evidence as to the search of the 21st day of February. The warrant charged merely the sale of liquor which under the proof actually occurred on February 18th. By no stretch of the imagination could this evidence surrounding the search on the 21st of February be competent when the only proof was that the sale was made on the 18th day of February. Even had liquor been found as a result of this search, the evidence would not have been competent for it would have been entirely possible for defendant to have purchased and placed this liquor on the premises after the 18th of February.

To admit testimony relative to this search would have the effect of trying this defendant on two charges, when as a matter of fact the charge was a definite sale of liquor to a particular person. For this reason the judgment must be reversed. Thus holding, it is entirely unnecessary to discuss the matter of the inducement to obtain liquor on the 21st as being an entrapment by the officers. There is no evidence of obtaining liquor on the 21st.

■ Some complaint is made about the introduction of too many witnesses to show bad reputation. True, in this respect, there is no necessity of proceeding ad nauseam. However, this is a matter resting largely in the discretion of the court, which apparently here was not carried to such an extent as to prove prejudicial.

For the reason stated above, the judgment is reversed for proceedings consistent herewith.