## HENSLEY v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 5, 1953.

—————◆—————

Isaac Turner, Hyden, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Justice.

Henry Hensley was convicted in the Harlan Circuit Court during the October Term, 1952, of the offense of assault and battery and a fine of $50 and six months in jail was fixed as his punishment. He now moves for an appeal, alleging the following errors:

(1) That the verdict of the jury was against the law and evidence; (2) that the court admitted incompetent evidence introduced by the Commonwealth; (3) that the Commonwealth failed to prove the crime was committed within twelve months before the time of the indictment; (4) that the court rejected competent evidence offered by the accused.

The case developed out of an altercation between Hensley and Hays Nolan, a 12-year-old boy. The latter had just left his home for school and was walking down a road, accompanied by his 7-year-old cousin, Murph Ellis, when Hensley passed them in a truck. Both boys testified Hensley immediately stopped, parked his truck, started in their direction and, upon approaching the two boys, asked young Nolan if he had not "turned him up" for violating the fish and game law. The boy denied the accusation, whereupon Hensley struck him on the head with his fist, nearly knocking him to the ground and causing his face to swell and bleed, so that he required a doctor's care. John Nolan, the father of the prosecuting witness, testified that his son came home crying, that his face was swollen and bleeding, and that he took the boy to the doctor that night for treatment.

Hensley on the other hand testified that, as he was driving down the road in his truck, he met Hays Nolan and Murph Ellis and that as he passed the boys Nolan called him "a god damn son of a bitch." This inflamed him somewhat, so he got out of his truck, went over to Nolan and gave him "a little light slap" with his open hand. He insisted that he did not intend to hurt the boy and that in fact he did not hurt him. He admitted on cross-examination that he was mad at young Nolan because he had heard the boy had "turned him up."

It is clear the court was fully justified in submitting the case to the jury on the above testimony and that the evidence sustains the verdict.

Hensley's next complaint, we think, has merit. James Davis, the fish and game warden in Harlan County, was called as a witness for the Commonwealth, and was

asked, while testifying in chief, whether Hensley had been arrested upon a charge of violating the fish and game law and whether or not he had been fined on such a charge. Hensley objected to the double-barreled question and any answer that might be given to it. The objection was overruled and he reserved an exception. Davis then answered that Hensley had been both arrested and fined.

Under section 597 of the Civil Code of Practice, a witness may not be impeached by evidence of a particular wrongful act, except that it may be shown by his examination or by the record of a judgment that he has been convicted of a felony, and this section applies to criminal as well as civil cases. Day v. Commonwealth, 256 Ky. 76, 75 S.W.2d 741; Posey v. Commonwealth, 194 Ky. 483, 240 S.W. 91; Wells v. Commonwealth, 99 S.W. 218, 30 Ky.Law Rep. 504; Pennington v. Commonwealth, 51 S.W. 818, 21 Ky.Law Rep. 542; Hensley v. Commonwealth, 74 S.W. 677, 25 Ky.Law Rep. 48. When the trial judge permitted the fact to be submitted to the jury that Hensley had been convicted of a misdemeanor, he committed a prejudicial error and we must reverse because of this.

Other grounds for reversal are urged which we deem it unnecessary to consider for the reason that there must be another trial and these alleged errors will certainly not be repeated.

Wherefore, the motion for the appeal is sustained, the judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.