Chief Justice Robertson
delivered the Opinion of the Court,
Littlepage having, on an appeal from a judgment by a magistrate, obtained a verdict and judgment against Hickman, for twenty dollars, which he ¿Littlepage,) had bet on a congressional election, and deposited with Hickman as a stake holder, — this writ of error is prosecuted to reverse that judgment.
The only objection to the judgment, is, that the suit was brought in the name of Littlepage alone, and for jj¡s ovvn exclusive benefit.
The act of 1799, 1 M. & B's. Dig. 755, subjects to forfej{ure — one half to the county, and the other half to . „ any person suing ior it — all money, or other property, which, shall have been bet or staked on any game, or hazard, whatsoever ; and no other than a qui tam action can be maintained under that statute, for any such money or property.
The fifth section of an act of 1828, “ more effectually to guard the right of suffrage, and for other purposes 1 M. B’s. Dig. 602, declares, in substance, that any or °ther thing, bet on the event of an election, shall bé forfeited to the Commonwealth, and that a suit may be maintained therefor, either in the name of the *345 Commonwealth alone, or in that of any person who may choose to sue qui tarn, for the joint benefit of himself and the Commonwealth.
The stake holder of money bet on any game* sport or pastime, is bound to restore it, upon notice ; and on failure so to do, is liable to theaction of the party aggrieved: Act of ’33, §31
Act of 1833 dot claves that previous acts against gaming are not repealed by it.
Instructions.
Though an act may declare, that it is not to repeal any preexisting statute onthesamesubjecf still, ifany provision of a pre-existingstatute is clearly in consistent with the new act, so far it must be repealed of necessity.
The third section of an act of 1833, “to amend the several acts against unlawful gaming” provides, “that jf any person shall be stake-holder of money bet on any game, sport, or pastime, whatever, and be notified by the person making the stake or deposite, not to pay the same over, but to return it, it shall be the duty of the person so holding the stakes, to forthwith return them to the proper owners; and, on failing to do so, he, she or they, so failing, shall be liable to an action thereupon to the party aggrieved.”
And the twenty third section of the same act declares, that the “ act shall be construed as an amendment to the several acts against unlawful gaming, and not as repealing any such act,” except as to the time prescribed for bringing suit.
In this case, Littlepage having deposited the twenty dollars with Hickman, and having afterwards demanded a restitution, the circuit judge instructed the jury that the suit could be maintained, as brought, in the name and for the sole benefit of the depositor.
Although all the statutes against, gaming, should be taken in pari materia, and be made to harmonize with as full effect to each as possible, the more especially, as the act of 1833 expressly declares, that it was not the purpose of the legislature, in its enactment, to repeal anv provision in any of the antecedent enactments, excepIng only as to the limitation prescribed for bringing suit: nevertheless, if, in any other-respect, the act of 1833 is, not merely cumulative, but clearly and necessarily inconsistent with any former act, it must, ex necessitate legis, be deemed, so far, an abrogation of such incongruous prior enactment; for example — if the third section of the act of 1833 should be so. construed, as to give to the person depositing a bet with a stakeholder, the right to demand and .receive, or sue for it, in his own name, such a right being altogether incompatible with the pre-existent necessity, to sue qui tarn, the third section *346 must, in that particular at least, necessarily have repealed so much of prior statutes as required suits, in such cases, to be brought qui tam, and did not allow the better to sue the stakeholder, in his own name.
The clause of •ithe act of ’33, thatrequiresthe stake-holders of money bet on nnygame, sport or pastime, to rfitmn it to the betters,doesnot apply to bets made upon elections, and forfeited by (ha a,ct of ’2d. Money bet on the’ event .of an election, cannot be ' recovered from th.e stakeholder, by suit iu filename, and for the sole use, of the party aggrieved. The mode of recovery, under the act of ’28, is by action qui tam, or in the name of the commonwealth.
We are disposed to think, that it would be very difficult to give any effectual interpretation to the third section of the act of 1833, without conceding to th.e depositor, in the class of cases for which it provides, the right to restitution, on demand, by suit or otherwise, in his own name, of his deposit. And we feel bound to give such a construction to that section as to allow that right.
Whether, nevertheless, the deposit, according to the principle and policy and provisions of the pre-existent statutes, for suppressing' the demoralising and pernicious practice of unlawful betting, should be deemed to be still forfeited, and may be sued for whilst in possession of the stakeholder, or in that of the depositor after restitution; pr whether, in that important particular also, all the former statutes should be held to have been constructively repealed, is a different question, and one which nothing in this case requires this court now to decide. Whenever that question shall come up for decision, the point to be considered will be, whether the legislature intended, by the enactment of the third section of the act of 1833, that the depositor should, pro luto vice, b.e entitled to be the stake-holder himself, subject to the contingency of being sued, qui tam, for the bet; or whether the object of the third section, was to give the stake,absolutely to the depositor and exempt it from foriciture.’
But, though we should be inclined to concede to the person depositing a bet, the right to maintain a suit, in his own name, in the class of cases, designated in the’ third section of the act of 1833, we are, nevertheless, of the opinion, that bets on elections are not embraced by that section.
A bet on an election, cannot, with strict propriety of language, be denominated, “ a bet on any game, sport or pastime whatever.” And we are not inclined, in this respect at least, to give an enlarged oi; iatiludinous import *347 to the words “game,' sport, or pastime,” in the third seetion of the act of 1833 : especially, as, by so doing, we should make it conflict with, a radical provision of the act of 18.28,'against betting on elections, and which we do not believe that the legislature intended to abolish, or to clog.
As then, this suit must be brought according to the act of 1828, anti as, according to that act, Littlepage could sue qui tam only, we are of the opinion, that his suit, as brought, in his own name and for his own benefit, cannot be maintained, and that consequently the instruction given by the circuit court to the jury was erroneous.
Wherefore the judgment must be revers'ed, and the cause remanded for a new trial.