Case 20.

ORD. PET.

## Love *vs.* Harris, &c.

### APPEAL FROM PULASKI CIRCUIT.

1. No penalty for betting on elections is denounced by the Revised Statutes. The provisions of the chapter on gaming, *secs.* 1 *and* 2, *p.* 367, cannot be construed to embrace betting on elections.

2. The act of 1853–4, (*Sess. Acts, p.* 72,) gives a right of action to the Commonwealth to sue for and recover money or other thing bet on an election held under the constitution and laws of the State, or of the United States, in addition to a fine of $100, the latter to be recovered by indictment—two-thirds of both recoveries to go in aid of the common school fund, and the other third to the use of the commonwealth's attorney or county attorney, to be recovered by the appropriate action in the circuit court.

3. No right of action is given by the Statute of 1853–4, to one who loses money or property on a bet on an election.

[The facts of the case are stated in the opinion of the court.—REP.]

*Fox & Bell* for appellant—

Love bet Harris and Elliott a horse at $140 against their note for that sum, that Fillmore and Donelson would get the electoral vote of Kentucky for President and Vice President of the United States at the presidential election to come off in 1856. After the result of the election was known Love surrendered the horse to the appellees who sold and converted it to their own use and Love brought this suit to recover the value of the horse of Harris and Elliott.

The petition is good, stating every thing necessary in apt form. The defendants filed a demurrer, alledging for cause of demurrer, that the petition was insufficient, &c. The circuit court sustained and dismissed Love's suit with costs, and he has appealed to this court.

The circuit court was of *opinion* that since the act of 1853–4, the loser of property bet on an election could not recover back either property bet or its value, because that act declares the value of the thing bet to be forfeited to the state. The thing it-

self is not forfeited, but the value of the thing. The last act did not contemplate taking away the right to recover back property bet, lost, and delivered on the result of an election, or its value, if the property was disposed of. The policy of the law is to suppress all sorts of gambling, and especially on elections. The party losing certainly has the right—it was never doubted before this case—to recover back the property lost or its value.

The act of 1853–4 did not take away any previous right of a looser of. property bet to recover it or its value from the winner. This act is only cumulative.

LOVE
vs.
HARRIS, &c.

Judge DUVALL, delivered the opinion of the court.                    June 16, 1857.

This action was brought by the appellant to recover the sum of one hundred and forty dollars, as the value of a horse which, as he alleges, was lost by him, and won by the appellees, in a bet or wager on the result of the vote of Kentucky in the last presidential election, which horse was received by the appellees, and by them converted to their own use.

A demurrer to the petition was sustained by the circuit court, and to reverse that judgment Love prosecutes this· appeal.

Whether the facts stated in the petition are sufficient to constitute a cause of action is, therefore, the only question presented by the record.

The Revised Statutes, (*sections* 1 and 2 *of the chapter on gaming, page* 367,) provides, "that every con- 'tract, conveyance, transfer, or assurance, for the ' consideration, in whole or in part, of money, prop- ' erty, or other thing won, lost, or bet at any game, ' sport, pastime, or wager, or for the consideration of ' money, property, or other thing lent or advanced for ' the purpose of gaming, or lent or advanced at the ' time of any betting, gaming, or wagering, to a per- ' son then actually engaged in betting, gaming or ' wagering, shall be void.

' Sec. 2. If any person shall lose to another at one ' time, or within any twenty-four hours, five dollars ' or more, or property or other thing of that value, ' and shall pay, transfer, or deliver the same, such ' loser, or any creditor of his, may recover the same, or ' the value thereof, from the winner or any transferree ' of the winner having notice of the consideration, by ' suit brought within five years after the payment, ' transfer, or delivery."

1. No penalty for betting on elections is denounced by the Rev. Statutes. The provisions of the chapter on gaming, sects. 1, 2, p. 367, cannot be construed to embrace betting on elections.

No penalty for the specific offense of betting on elections is provided for in the Revised Statutes. But it is contended, on the part of the appellant, that the two sections quoted confer upon them the right to recover, in this action, the value of the horse won by the appellees. Whether this be so or not, it is not at all necessary now to decide. We may remark, however, that it may be well questioned whether, by any reasonable or fair construction of this statute, it can be regarded as embracing a *bet* or *wager* on an election. The terms employed are broad and very comprehensive, it is true, but its denunciations are directed against the offense of "gaming," and we should hesitate to determine that an election, under the constitution and laws of the United States, could be properly called a "game" within the meaning of the statute, or in any other sense.

The phraseology of the 2nd section is not less inappropriate, if the intention of the legislature was, as is contended, to embrace the case of money or property lost on an election.

2. The act of 1853-4, (Session Acts. page 72,) gives a right of action to the commonwealth to sue for and recover money or other thing bet on an election held under the constitution and laws of this State or of the

But all difficulty upon this point is removed by the subsequent act of 1854, (sess. acts, page 72,) which provides, in substance, that any person who shall bet any thing of value upon an election under the constitution and laws of this State, or of the United States, shall forfeit and pay one hundred dollars, to be recovered by indictment. "And in addition to the ' fine aforesaid, if the person winning shall receive ' the sum of money or other thing so bet, or its val-' ue or any thing therefor, the sum of money so re-

'ceived, or the value of any thing else *so* received, 'shall be forfeited to the commonwealth, and may be 'recovered by any appropriate action, in the name of 'the commonwealth, before the circuit court, &c." The second section provides that the fines arising under the act, or the amount which may be recovered as aforesaid, shall go two-thirds to the common school fund, and the remaining third to the use of the attorney for the commonwealth, or county attorney, when they shall procure a conviction of the offender.

If it be conceded that the plaintiff was entitled, under the law, as it stood prior to the passage of this act, to recover the value of the thing lost by him, as alledged, it is very clear that such right is taken away by the latter act and vested in the commonwealth for the use of the school fund, &c., and that the former law is to that extent repealed. It would certainly be an anomalous construction of the two statutes, to say the least, that a right of action is given to two different parties, at the same time, for the same thing, or for its value. Such could not have been the intention of the legislature.

In view of the various provisions of the statutes referred to, we are satisfied that the right to sue for the value of the horse alledged to have been lost and won in this case was in the commonwealth alone, and that the demurrer to the petition was properly sustained.

The judgment is therefore affirmed.

U. States, in addition to a fine of $100, the latter to be recovered by indictment; two thirds of both recoveries to go in aid of the common school fund, and the other third to the use of the commonwealth's attor'y or county attorney, to be recovered by the appropriate action in the circuit court.

3. No right of action is given by the statute of 1853-4, to one who loses money or property on a bet on an election.