## TYLER v. GOODMAN.

Court of Appeals of Kentucky.
June 12, 1951.

Charles E. Keller, Louisville, for appellant.

Dodd & Dodd and Allen P. Dodd, Jr., all of Louisville, for appellee.

COMBS, Justice.

Appellant, R. B. Tyler, filed this suit in equity against appellee, Israel Goodman, and one James E. Henderson, to recover the sum of $1022 which he alleged he lost to them during the period July 7, 1948 to March 30, 1949, by betting on horse races in a handbook operated by them. The basis of the action is KRS 372.020 which reads: "If any person loses to another at one time, or within twenty-four hours, five dollars or more, or anything of that value, and pays, transfers or delivers it, the loser or any of his creditors may recover it, or its value, from the winner, or any transferee of the winner, having notice of the consideration, by action brought within five years after the payment, transfer or delivery. Recovery may be had against the winner, although the payment, transfer or delivery was made to the endorsee, assignee or transferee of the winner. If the conveyance or transfer was of real estate, or the right thereto, in violation of KRS 372.010, the heirs of the loser may recover it back by action brought within two years after his death, unless it has passed to a purchaser in good faith for valuable consideration without notice."

The case was referred to a Commissioner who, after hearing the testimony, recommended that judgment be entered in favor of appellant against Henderson in the amount of $1022, and that the action against Goodman be dismissed. The Chancellor confirmed the Commissioner's report and judgment was entered accordingly. No exception to the judgment was taken by Henderson. Appellant excepted to that part of the judgment dismissing the action against Goodman and is here on appeal.

Appellant's losses occurred in a handbook located in the rear of Goodman's Newsstand in the City of Louisville. During part of the period referred to in the testimony, the newsstand was located at 316 West Walnut Street. It was later moved to 323 West Liberty Street. The only testimony in the record is that of appellant and Ben J. Brumleve, Secretary-Treasurer of the Sinking Fund Commission of the City of Louisville. Mr. Brumleve testified that the record in his office showed Israel Goodman to be the owner of Goodman's Newsstand and that, according to the record, he had only one employee, although the witness expressed some doubt as to the authenticity of the information in regard to the number of employees.

A partition separated the newsstand from the gambling quarters located in the rear. A door designated "Men's Room" led from the newsstand into the rear room. There was no entrance or exit to the rear room except through the above-mentioned door. Appellant testified that on several occasions he saw "runners" accept bets from women in the newsstand and take the bets to Henderson, who operated the handbook in the rear. Also, that on one occasion a clerk who worked in the newsstand relieved the man who usually received the race results and posted them on the board in the handbook; and that on another occasion, when the handbook was raided by the vice squad, Goodman delivered to the officers, from the counter in the newsstand, a pad of betting slips, a racing form, and a "finger sheet."

In April, 1949, Goodman ran an advertisement on the sports page, next to the racing information, in a daily newspaper, that his newsstand would be moved from 316 West Walnut Street to 323 West Liberty Street. At the same time this move was being advertised, signs in the handbook then operated in the rear of Goodman's Newsstand at 316 West Walnut Street notified the patrons that the handbook was being moved to the rear of the newsstand at the new location.

There was no attempt to show that Goodman paid the rent on the premises used as the handbook, or that he owned any of the gambling paraphernalia, or exercised any control or supervision over the gambling operations. There is no testimony that he was ever in the gambling quarters, or that he accepted any of appellant's bets, or received any of the money lost by appellant.

The Chancellor held there was not sufficient evidence to authorize the en-

584

try of a judgment against Goodman and, after careful consideration of the testimony, we have reached the conclusion the Chancellor's decision is correct. Although it is clearly established that the handbook was operated with the consent and acquiescence of Goodman, appellant's right to recovery depends solely on the statute quoted above. At common law money lost at gaming could not be recovered. Craig v. Curd, 309 Ky. 549, 218 S.W.2d 395.

Under the terms of the statute, in order for appellant to recover against Goodman it was incumbent upon him to show that Goodman was the "winner" of the money lost by him, or was the "transferee of the winner."

The case of Peirano v. Shapiro, 188 Ky. 652, 223 S.W. 1098, 1100, was a suit by Peirano and his wife to recover money lost by him in a crap game. The evidence in that case was somewhat similar to the evidence against Goodman in this case. In affirming a judgment for the defendants, this Court said: " * * * it was essential to a recovery by both plaintiffs that it should be made to appear from the evidence to the satisfaction of the jury that the husband played in the games complained of and lost thereby, that defendants won the money so lost, or a part of it, or that they were interested in managing, conducting, and operating the game for compensation, * * *." The Court also said: "There can be no doubt from this record but that the husband played craps at the place alleged in the petitions, and the defendant Roth either operated entirely or was interested in the operation of the game, and that Shapiro also played in the game. But these facts alone are not sufficient to authorize a recovery under the statute."

■ The evidence is persuasive that Goodman had some sort of financial interest in the handbook, but in the absence of proof that he received, either directly or indirectly, some part of the money lost by appellant, the court was not authorized to enter a judgment against him. A mere surmise or conjecture is not sufficient to supply the premise upon which to base a

judgment. Central Kentucky Natural Gas Co. v. Williams, 249 Ky. 242, 60 S.W.2d 580.

The judgment of the Chancellor is affirmed.