**Ruben GUMER, Appellant,**

v.

**Freeman W. SAILOR, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

I. R. Gumer, Louisville, for appellant.

W. S. Heidenberg, Louisville, for appellee.

. HOGG, Judge.

Ruben Gumer, appellant, brought this action under KRS 372.040 against Freeman W. Sailor, Madolyn Sailor, William T. Cox, Earl Showalter, William C. Eiler, Edward Freehoff, and Earl W. Everley to recover $50,565 in damages, treble the sum of $16,855, which was allegedly lost by Hyman Gumer, the son of Ruben Gumer, while betting on horse races in handbooks operated by the defendant, Freeman W. Sailor, over a period from January 1, 1952, through November 15, 1952. The case was referred to a commissioner who heard proof and reported and recommended that the action against each of the defendants, except Freeman W. Sailor, be dismissed and that the plaintiff be allowed to recover $106.95, treble the sum of $35.65, from Sailor. The court entered judgment in accord with the commissioner's report and findings.

The uncontroverted evidence establishes that Hyman Gumer gambled and lost money on the horse-racing handbooks which were owned and managed by Sailor in Louisville. Appellant contends: (1) the amount of damages awarded is inadequate; and (2) the ten per cent federal wagering tax, shown by the evidence to have been paid by the loser, Hyman Gumer, must be paid by the handbook operator, Sailor, and therefore appellant should recover treble the amount of the tax paid by him, plus his actual losses.

Appellant's proof of Hyman's alleged $16,855 loss was based primarily on a list made by Hyman in April, 1953, fifteen months after he placed the first bets on which the suit was brought. The list was made by looking at the daily racing results of all the major race tracks in the country shown on microfilms of the leading newspapers found in a library. When he saw a certain horse's name, he remembered, as he said, whether or not he had bet on that horse and the amount that he had bet on it. These names and figures written down at that time composed the list. The accuracy of the list, based solely on the memory of Hyman Gumer, is doubtful. The list made by Gumer was compared with the records of the bookmaking operations submitted by Sailor, and only one of the items listed by Gumer was found to correspond with Sailor's records. It was brought out on cross-examination that one of the days on which he listed that he lost money to Sailor was February 31, and there is no such date. Another date fell on Sunday, and no race tracks are open on that day.

Other evidence showed that Hyman Gumer had borrowed large amounts of money from various people during the year 1952, the disposal of which was not explained. Two witnesses testified they had carried money for Hyman Gumer to the "bookie" on several occasions, but the amount is indefinite. Such vague evidence is of no aid in proving the amount of the losses.

The appellee, Sailor, attempted to contradict the list by introducing records kept by him as a basis for paying the federal gambling tax. The records were composed of carbon copies of the betting tickets which were made at the time the bets were taken. No names were shown, and there was no way to tell that Hyman Gumer had made any particular bet, unless by the size and type of the bet. Hyman Gumer usually made large bets, from $20 to $40, whereas most of the other bets taken by

appellee were small, from 50 cents to $5. The defendant went through these records and compiled a list of what he believed to be Hyman Gumer's bets based on the size and type of the bets. From these records it appeared that no bet was made by Hyman Gumer prior to July 5, 1952. After that date, the defendant's list showed that Hyman had placed bets amounting to $10,975, and that he had won $10,939, making a total loss of $35.65 up to November 15, 1952.

■ The commissioner and court concluded that appellant had sufficiently proven this loss and allowed recovery treble that amount. The burden of proof rested upon plaintiff to establish in a competent manner the amount of the alleged losses. He failed to meet the burden except to the extent of a loss of $35.65. See, Veterans Service Club v. Sweeney, Ky., 252 S.W.2d 25.

In the case at hand the proof establishes that Hyman Gumer gambled and lost money to appellee. But his proof as to the amount was without probative value. Without the aid of records submitted by appellee, it is probable that appellant would have completely failed to prove any losses.

The second contention of the appellant is that the ten per cent federal wagering tax amounting to $1,097.50 which the proof shows was paid by Hyman Gumer, should have been included in the amount of damages awarded below, and the damages should have been treble the amount of. $1,144.15, or $35.65 plus $1,097.50 tax. It is argued that under Chapter 27A, subchapter A, section 3285(d) of the Internal Revenue Code, 26 U.S.C.A. § 3285(d), the winner, not the loser, shall be liable for and shall pay the tax, and, therefore, it is reasoned that since the loser, Hyman Gumer, wrongfully but voluntarily paid the ten per cent tax, he actually lost the amount paid.

■ The contention is without merit because the tax, if paid by Hyman Gumer, did not constitute part of the losses received by Sailor. The money was paid to Sailor as taxes, solely to be turned over to the Federal Government under the Federal Wagering Act. In Tyler v. Goodman, Ky., 240 S.W.2d 582, an action was brought by the person who lost money betting on horse racing in a handbook operated by the defendant. The action was brought under KRS 372.020, which differs from KRS 372.040 mainly in that under 372.020 the person losing the money, or his creditor, can sue the winner for only the money lost, while under section 372.040, if the loser or creditor does not sue within six months, any other person can sue for treble the value of the money lost. The guiding principles of law under both statutes should be the same. It was held that the proof must show that the defendant received, either directly or indirectly, some part of the money lost, and that defendant was the "winner" of the money lost. In this case, Sailor did not receive the money for himself but accepted the tax money to turn it over to the Federal Government. Section 372.040 KRS provides for recovery of the "money or thing *lost*," and the $1,097.50 was not "lost" to Sailor in the sense that he won that amount in the gambling transactions.

■ Finally, appellant contends he should recover the taxes paid to Sailor as part of his losses upon the ground that the Federal Statute compels the winner, not the loser, to pay the tax. Such contention is without merit because the provisions of section 3285(c) of the Internal Revenue Code allow the acceptor of the bets to collect the amount of the tax from the person placing the bets as a separate charge.

Judgment affirmed.