**Edith GILLESPIE, Plaintiff,**

v.

**Stanley W. SCHOMAKER, Carl George Schomaker, Richard Basker, Gaines Reed, Jr., Anthony Laboma, Claire C. Katsanis, Robert L. Sidell, Madeline C. Sidell and The Belmont, Defendants.**

No. 955.

United States District Court
E. D. Kentucky,
Covington Division.

Jan. 12, 1961.

**SWINFORD, District Judge.**

The record is before the court on the motion of the defendants, Robert L. Sidell and Madeline C. Sidell, to dismiss the action, and the motion of the defendants, Stanley W. Schomaker and Richard Busker, for a more definite statement. Memorandums have been filed in support of and in opposition to the motions. The defendants, Carl George Schomaker, Gaines Reed, Jr., Anthony Laboma, Claire C. Katsanis, and The Belmont, have filed their answer.

Before reaching the motions, the court examined the complaint and finds that there are more serious defects than have been raised by either of the motions or suggested in the answers of the respective defendants.

28 U.S.C.A. § 1332(a) gives jurisdiction to the district court in civil matters where the amount in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between "citizens of different. States".

Jurisdiction of the federal court must be affirmatively shown by the plaintiff and the requisite citizenship of the parties to give the court jurisdiction must be properly alleged in the complaint. Rule 8(a), Rules of Civil Procedure, 28 U.S.C.A., requires a short and plain statement of the grounds upon which the court's jurisdiction depends. Sub-section (e) (1), of the same rule, states that "each averment of a pleading shall be simple, concise, and direct".

The complaint clearly does not come within the prescribed rules of pleading and unless properly amended as to certain of the defendants within the time fixed by order of this court, it must be dismissed. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S. Ct. 780, 80 L.Ed. 1135; Chicago, Burlington & Quincy Railway Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Gorham v. Edwards, D.C., 160 F.Supp. 928.

Ervin Bramlage, Cincinnati, Ohio, for plaintiff.

Morris Weintraub, Newport, Ky., for defendants.

As different reasons for the dismissal apply to different defendants, it is necessary to discuss them in three categories.

■■ The defendant, The Belmont, must be dismissed because it is not alleged that it is either a person or a corporation. It must be one or the other to be a citizen. The allegation that The Belmont is an unincorporated association of persons unknown to the plaintiff is obviously completely lacking in an allegation of diversity of citizenship. As an association of individuals it could have no separate citizenship. The citizenship of an unincorporated association is the citizenship of its members. Brocki v. American Express Company, 6 Cir., 279 F.2d 785. For the purpose of jurisdiction, the citizenship of its individual members is controlling. Sanders v. International Ass'n of Bridge, S. & O. I. W., D.C., 120 F.Supp. 390.

It is apparent that no amendment could make The Belmont a proper party against whom judgment could be had.

■ The complaint as to the defendants, Stanley W. Schomaker, Carl George Schomaker, Richard Busker, Gaines Reed, Jr., Anthony Laboma, and Claire C. Katsanis, must be dismissed, unless properly amended, for the reason that the complaint does not state that they are citizens of the State of Kentucky. The allegation of the complaint is that the plaintiff is "informed and believes" that these named defendants "reside in the State of Kentucky and in the City of Newport, and in the County of Campbell." An allegation that the parties are residents of a certain state is not sufficient for federal jurisdiction under 28 U.S.C.A. § 1332(a) (1). Brooks v. Yawkey, 1 Cir., 200 F.2d 663; Chicago Stadium Corporation v. State of Indiana, 7 Cir., 220 F.2d 797.

This is a court of limited and not general jurisdiction. It must accept the responsibility of the determination of causes only where there is no doubt of that jurisdiction. The facts for this determination must appear in unequivocal and positive language on the face of the complaint. An allegation that the defendants are residents of this district in Kentucky, as the plaintiff is "informed and believes" or upon the plaintiff's information and belief, is not an affirmative allegation of facts on which the court must conclude that jurisdiction prevails. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

As to the third and last category of the named defendants, that is, the defendants, Robert L. Sidell and Madeline C. Sidell, their motion to dismiss should be sustained. No cause of action has been stated against these defendants and the complaint as to them should be dismissed, but for reasons other than that for which counsel contends in the memorandum.

■ The plaintiff must rest her case upon KRS 372.040, which provides, among other things, that if the loser or his creditor does not sue for the loss within six months after payment or delivery "any other person may sue the *winner,* and recover treble the value of the money or thing lost * * *" (italics ours). It must be conceded from the allegations of the complaint that the Sidells were not winners of the money. Paragraph (7) seeks to make them responsible parties because they "are the owners of the premises * * * on which said gambling operations took place. * * *" KRS 446.080 provides that all statutes of this state shall be liberally construed, even though they are in derogation of the common law. To say, however, that the complaint states a cause of action against the defendants, Robert L. Sidell and Madeline C. Sidell, is not a liberal construction but a distortion of the plain meaning of the statute. Tyler v. Goodman, Ky., 240 S.W.2d 582.

■ If, as a matter of fact, jurisdiction actually exists at the time a complaint is filed, the fact that the jurisdictional facts are improperly impleaded in the complaint does not deprive the court of jurisdiction as of the time the action

is filed if such defect is later corrected by amendment in the time prescribed by the order of the court. 28 U.S.C.A. § 1653; Stern v. Beer, 6 Cir., 200 F.2d 794. I am of the opinion that the plaintiff should be permitted to amend her complaint and she will be given time within which to file an amendment by order of this date.

An order in conformity with this memorandum is this day entered.