Colleen M. **CARROLL**, Plaintiff,

v.

**GENERAL MEDICAL COMPANY**, a Corporation, and **J. L. Brandeis & Son,** a Corporation, Defendants.

Civ. No. 03556.

United States District Court,
D. Nebraska.

March 9, 1971.

Frank Meares, Omaha, Neb., for plaintiff.

Lyman L. Larsen, of Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for defendants.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Chief Judge.

This matter comes before the Court on defendant, General Medical Company's motion to quash the return of the service of summons upon it and to dismiss plaintiff's claim against it. [Filing #17].

At the outset, and without consideration of the movant's contentions, the Court notes that plaintiff's Amended Complaint [Filing #11], fails to properly allege diversity of citizenship pursuant to 28 U.S.C. § 1332, and Rule 8[a] [1] of the Federal Rules of Civil Procedure. The first paragraph of plaintiff's Amended Complaint reads as follows:

"That the plaintiff is a citizen of the State of Nebraska and that the defendant J. L. Brandeis & Son is a Delaware Corporation and that the defendant General Medical Company is a Corporation organized, upon information and belief of plaintiff, either in the State of New York or the State of California, with its principal place of business and office in Los Angeles, California; that a diversity of citizenship is in existence accordingly and that the subject matter herein involved including damages exceeds the jurisdictional $10,000.00 limit."

The above allegation is defective for a number of reasons. First of all it fails to give the state in which J.

L. Brandeis & Son has its principal place of business, and of course under 28 U.S.C. § 1332, both the state of incorporation and the state where a corporation has its principal place of business must be alleged.

The above allegation contains the phrase, "upon information and belief," which is clearly improper. In the case of Gillespie v. Shoemaker, 191 F. Supp. 8 [E.D.Ky.1961], it was said, as follows:

"An allegation that the defendants are residents of this district in Kentucky, as the plaintiff is 'informed and believes' or upon plaintiff's information and belief, is not an affirmative allegation of facts on which the court must conclude that jurisdiction prevails."

Accord, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 [1936].

Next, plaintiff alleges that General Medical Corporation is "* * * a corporation organized * * * either in the State of New York or the State of California * * *." This is also an improper allegation. The plaintiff cannot simply present a choice to the Court, but must clearly aver *the* state of incorporation, as there can be only one. This is important so as to negate any possibility that the plaintiff and defendant are citizens of the same state.

Finally, the allegation is defective because it fails to properly allege the jurisdictional amount. The allegation reads that "* * * the subject matter herein involved including damages exceeds the jurisdictional $10,000.-00 limit." The proper way to allege the amount is found in the illustrative allegation in Official Form 1[c] which states that "the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00."

Plaintiff should, of course, be given an opportunity to amend her com-

plaint, so as to properly allege diversity of citizenship jurisdiction.

However, this Court wishes to make it clear to this or any other plaintiff in a diversity case, that the pleading of jurisdiction is not a mere technicality. Federal Courts are courts of limited jurisdiction, and have only such jurisdiction as is conferred by Congress. Upon the pleading of jurisdiction depends the very power of a federal court to adjudicate the claim alleged. Until jurisdiction is clear from the record any order the court may enter relating to the rights of the parties involved is void.

In view of this Court's determination, ruling on defendant General Medical Company's motion will be reserved until after an amended complaint is filed by plaintiff. Accordingly,

It is ordered that plaintiff should be and is hereby allowed ten [10] days after the entry hereof within which to file an Amended Complaint curing the defects pointed out by this Memorandum and Order.